STATE ex rel. ST. LOUIS COUNTY, Missouri, and Director of Revenue of St. Louis County, Missouri, Relators,

v.

Honorable Richard T. ENRIGHT, Respondent.

No. 52501.

Missouri Court of Appeals, Eastern District, Division Three.

March 24, 1987.

Motion for Rehearing and/or Transfer Denied April 23, 1987.

Application to Transfer Denied June 16, 1987.

Joseph D. Ferry, Asst. County Counselor, Thomas W. Wehrle, County Counselor, Clayton, for relators.

Edward J. Friesedieck, Ziercher & Hocker, Clayton, for respondent.

CARL R. GAERTNER, Presiding Judge.

Relators St. Louis County and the Director of Revenue for St. Louis County seek our writ of prohibition directing respondent to dismiss both a petition for writ of prohibition and writ of mandamus and a petition for judicial review filed under the same cause number in the St. Louis County Circuit Court. We issued our preliminary rule which is now made absolute.

The underlying case arose from the attempts of Bobby I, Inc. to renew its liquor by the drink license. On June 23, 1986, Bobby I delivered the appropriate fee to the Director of Revenue, thereby completing a previously filed renewal application. On June 30, Bobby I learned the Director intended to recommend non-renewal of the license to the County Council. On July 1, the Director so notified the Council pursuant to § 801.130.2 of the Revised Ordinances of St. Louis County. Section 801.-130.3 vests discretion in the Council to renew the license or to reject the application, and section 801.130.4 provides for the licensee to request a public hearing before the Council concerning this renewal.

On July 1, Bobby I filed a petition for writ of prohibition and writ of mandamus. Count I, which sounded in prohibition, prayed for an order to the County Council

and the Director of Revenue "to cease from taking any further action adverse to [Bobby I's] interest in connection with [its] Retail Liquor by the Drink license, and to refrain from taking any further action against [Bobby I] until such time as [it] is afforded a public hearing before the St. Louis County Council." Count II, seeking a writ of mandamus, prayed for "an order directing respondent to forthwith renew [Bobby I's] retail liquor by the drink license or, alternatively, directing the Director of Revenue to renew [Bobby I's] Liquor License until such time as [its] appeal to the St. Louis County Council can be heard." Also on July 1, Bobby I hand-delivered a letter to the Administrative Director of the St. Louis County Council requesting a hearing on its appeal from the Director's denial of the license renewal.

The same day the above petition was filed Judge Drumm issued the following order: "On oral application of [Bobby I] the order and request of Director of Revenue to not renew [Bobby I's] application for a Retail Liquor By The Drink License is stayed pending further order of the Court."

On July 2, the Director issued a license to Bobby I "pending a decision by the Court on the merits." Thereafter the Director and police officials met with representatives of Bobby I to inform them of the reasons for the recommendation to deny renewal. Subsequently, a hearing was held before the Revenue and Personnel Committee of the County Council, and the Committee then recommended that the decision of the Director be affirmed by the Council. On July 31, 1986, the County Council, at its regular public meeting, adopted and approved this recommendation. On August 7, 1986, relators filed a motion in the circuit court seeking dismissal of Bobby I's petition on the grounds of mootness. In the motion, relators noted that the basis of Bobby I's complaint was the failure to provide it with a hearing before the County Council to review the decision of the Director. The relief prayed for in Count I was an order prohibiting the Director from taking further action "until such time as [Bobby I] is afforded a public

hearing before the St. Louis County Council." In Count II, the prayer sought an order directing renewal of the liquor license "until such time as [Bobby I's] appeal to the St. Louis County Council can be heard." In suggestions supporting this motion, relators argued that since Bobby I had been given everything requested in its petition, no justiciable controversy remained. Additionally, it was suggested that the basis for the equitable relief prayed for had disappeared because Chapter 536, RSMo. 1986, afforded a remedy at law in judicial review of the decision of the County Council.

On September 25, 1986, relator's motion to dismiss was heard and overruled by the Honorable William M. Corrigan. At the same time Judge Corrigan sustained a motion filed by Bobby I requesting "leave of court to file a judicial appeal pursuant to § 536.010 [sic], RSMo.1978 out of time." The petition for judicial review was filed on October 8, 1986. Relator's motion to dismiss this petition and to dissolve the stay order on jurisdictional grounds was overruled by the Honorable Richard T. Enright, respondent herein. This action, seeking in Count I an order prohibiting the Circuit Court of St. Louis County from exercising jurisdiction over the petition for writs of prohibition and mandamus and, in Count II, a similar order regarding the petition for judicial review, ensued. We conclude the circuit court is without jurisdiction to take further action in either matter.

■ As to the petition for judicial review of the July 31 decision of the St. Louis County Council, § 536.110, RSMo.1986, provides for the initiation of a proceeding for judicial review of the decision of an administrative agency in a contested case by the filing of a petition in the circuit court "within 30 days after the mailing or delivery of the notice of the agency's final decision." Although the exact date of delivery of such notice is not shown by the record before us, it could have been no later than August 7, 1986, when relators filed their motion to dismiss. Moreover, by seeking leave to file its petition for review "out of time," Bobby I has conceded its failure to

meet the statutory time limitation. "In Missouri the failure to comply with the statutory time for an appeal results in lapse of jurisdiction and right of appeal." *Springfield Park Central Hosp. v. Director of Revenue,* 643 S.W.2d 599, 600 (Mo.1983); *See also Atkins v. Dep't. of Bldg. Regulation,* 596 S.W.2d 426, 435 (Mo. 1980). After the expiration of the statutory time within which to appeal, the court lacks subject matter jurisdiction and any order entered in such situation is wholly void. *Randles v. Schaffner,* 485 S.W.2d 1, 2 (Mo.1972). Therefore, a court may not enlarge the period for filing a petition for review as prescribed by § 536.100, RSMo. 1986. *See Lafayette Federal Savings and Loan Ass'n. v. Koontz,* 516 S.W.2d 502, 504 (Mo.App.1974). Accordingly, Judge Corrigan's order of September 25, 1986, purporting to grant leave for the late filing of a petition for judicial review, was a nullity.

■ Likewise, we find that the elimination of any justiciable controversy between Bobby I and St. Louis County deprives the circuit court of any continued jurisdiction over Bobby I's petition for writs of mandamus or prohibition. This petition is based upon the failure to afford Bobby I with a hearing before the County Council and seeks only to maintain its liquor license until such a hearing can be held. Since this hearing was conducted on July 31, 1986, the controversy alleged in the petition no longer exists. It would be a useless act for the court to grant the relief sought by the petition and to order the County to do that which has already been done. "In terms of justiciability, a case is moot if a judgment rendered on the subject matter for decision has no practical effect upon an existent controversy." *Grogan v. Hays,* 639 S.W.2d 875, 877 (Mo.App.1982). "The law is also well settled that a cause may become moot by the act of the defendant in fully complying with the plaintiff's demands prior to a determination of the case. (citations omitted). When that occurs no justiciable controversy remains in the case." *Western Auto Supply Co. v. Banner,* 288 S.W.2d 402, 404 (Mo.App.1956).

■ This is the situation presented here. Relators, rather than challenging the merits of Bobby I's petition, chose to accede to the request for a review by the County Council. Bobby I admits the hearings were held and, on behalf of respondent, argues only that the hearings were null and void because conducted in violation of the stay order issued by Judge Drumm on July 1, 1986. We find this argument spurious. A party may not be heard to complain of a procedure adopted at his own request or one in which he joined in or acquiesced. *Hilton v. Crouch,* 627 S.W.2d 99, 102 (Mo. App.1982); *Benjamin v. Benjamin,* 370 S.W.2d 639, 643 (Mo.App.1963). By its petition and by letter to the Administrative Director of the St. Louis County Council on July 1, 1986, Bobby I requested a hearing before the Council. On July 9, representatives of Bobby I were informed of the reasons underlying the recommendation against renewal. A hearing was held by a committee of the Council and by the Council as a whole. At no time during these proceedings did Bobby I register any objection: only after the adverse ruling by the Council was the contention made that the hearings were null and void because of the stay order. Whether it be said that Bobby I has waived whatever rights it may have had under the court order, or that it is estopped to assert these rights only after the adverse ruling, the general principle applies—a party will not be permitted to take a position directly contrary to and inconsistent with one previously assumed by him. *Lugena v. Hanna,* 420 S.W.2d 335, 341 (Mo.1967).

■ Moreover, the "stay order" issued by Judge Drumm on July 1, 1986, is of questionable validity. It purports to stay an "order and request of the Director of Revenue," not further proceedings by the Council in conformity with the county ordinances and with the request of Bobby I. Furthermore, neither Rule 94 nor Rule 97 governing the procedures in mandamus and prohibition provide for the issuance of a "stay order." The rules provide the issuance of a preliminary order in the name of the state fixing a time for responsive

pleading, which is to be served by the sheriff upon the respondent. The ex parte stay order in the instant case was open-ended, purportedly forestalling consideration of the application for license renewal ad infinitum. Further, even if the action of relators in acceding to the demands of Bobby I for a hearing could be considered a violation of the court order, the remedy was to seek a citation for contempt, not to participate in the hearing and then for the first time claim the proceeding was a nullity after the adverse decision.

█ Equally meritless is the second objection asserted by counsel for Bobby I. He argues that we are without power to consider the orders made by Judge Drumm and Judge Corrigan as they are not parties to this action. He overlooks the fact that there is but a single cause of action relating to the renewal of Bobby I's license pending in the Circuit Court of St. Louis County. The present system in that court for the assignment of cases has resulted in the underlying cause being assigned to different judges at different times, but on October 9, 1986, the entire cause was assigned by order of the presiding judge to respondent herein. The issue presented to us is the right of respondent, or any other judge of the circuit to whom the cause may be assigned, to exercise further jurisdiction over the subject matter of the action. In prohibition against a judge, the judge denominated as respondent is merely a nominal figure; the protagonists continue to be the adversaries in the underlying cause. The issue in prohibition involves the exercise of jurisdiction over the subject matter, a party, or an issue—not the right or wrong of a ruling made by one judge or another.

Section 801.130.3 of the Revised Ordinances of St. Louis County vests sole discretion regarding the renewal of the liquor license in the County Council, who exercised this discretion on July 31, 1986. Bobby I failed to file a timely appeal from this decision. It has not presented here nor, from what we glean from the record, did it present in the court below any meritorious argument challenging the validity of the legislative action of the Council. It has been granted the relief prayed for in its original petition. Nevertheless, by maneuvering through various divisions of the St. Louis County Circuit Court, Bobby I has forestalled the effect of the Council's action for almost 9 months. It is time for judicial interference with legislative action to cease.[1]

Accordingly, our preliminary order in prohibition is made absolute. Respondent is directed to dismiss the petition of Bobby I for writ of prohibition and writ of mandamus and for judicial review and to vacate the stay order of July 1, 1986 as renewed on September 25, 1986.

SNYDER, C.J., and SMITH, J., concur.

---

1. Respondent's motion to dismiss this proceeding is denied.