Emmett **VAUGHN**, Plaintiff/Appellant,

v.

**CITY OF ST. LOUIS DEPARTMENT OF HEALTH AND HOSPITALS,**

**and**

**City of St. Louis Civil Service Commission, Defendants/Respondents.**

No. 64924.

Missouri Court of Appeals, Eastern District, Division Two.

June 28, 1994.

Charles K. Wiest, Jr., St. Louis, for plaintiff/appellant.

Ronnie Lee White, City Counselor, Michael A. Garvin, Asst. City Counselor, St. Louis, for defendants/respondents.

KAROHL, Judge.

Emmett Vaughn appeals the trial court's order affirming the decision of the City of St. Louis Civil Service Commission, which ruled in favor of the City of St. Louis Department of Health and Hospitals, Vaughn's former employer. We dismiss this appeal because the trial court had no jurisdiction to review the agency decision where Vaughn's petition for review was untimely under § 536.110 RSMo 1986.

Vaughn tendered a letter to his immediate supervisor at the St. Louis Department of Health and Hospitals on May 2, 1988 expressing his intention to exercise an early retirement option. He stated in the letter that his last day of work would be May 13, 1988, after which time he would begin using the balance of his accrued vacation. On May 3, 1988, he applied for early retirement with the Employees' Retirement System for the

City of St. Louis. On or about July 21, 1988, Vaughn attempted to cancel his retirement announcement and expressed his desire to return to work on August 1, 1988. Vaughn was informed by his appointing authority that he would not be permitted to return to his former job.

The only other facts relevant to the disposition of this appeal are procedural. On August 1, 1988, Vaughn filed a "petition for temporary and permanent injunction" in the Circuit Court of the City of St. Louis, cause number 884–00315, naming the City of St. Louis Department of Health and Hospitals as the defendant. The court denied a temporary injunction. Vaughn went to the City of St. Louis Civil Service Commission for relief. A hearing was held, and on February 2, 1989, the Commission issued its decision that (1) Vaughn voluntarily resigned his position of Public Health Microbiology Supervisor, and (2) his appointing authority acted reasonably in not permitting Vaughn to rescind his resignation.

On December 7, 1990, Vaughn filed an amended petition in the pending circuit court injunction suit. In that cause of action he attempted a § 536.100 review of the Civil Service Commission decision of February 2, 1989. A summons was issued to the City of St. Louis Civil Service Commission on January 11, 1991. On January 17, 1991, the city and the commission both moved to dismiss cause number 884–00315, one of the grounds being that it was not timely filed. The motion was overruled on September 6, 1991. Vaughn filed a "memorandum supporting plaintiff's petition for review of civil service commission decision" on March 2, 1993. A memorandum opposing the "petition for review" was filed by defendants on April 26, 1993. On October 4, 1993, the trial court entered findings of fact, conclusions of law, and an order affirming the decision of the Civil Service Commission. Vaughn timely appealed the trial court's October 4, 1993 order.

■ Vaughn had only thirty days to institute proceedings for review of the commission's decision. § 536.110.1 RSMo 1986. If we assume, without deciding, Vaughn's amended petition was effective to initiate re-view of the commission's decision under § 536.110, it was not timely. The failure to comply with the statutory time for review of an agency decision results in lapse of jurisdiction of right of review. *State ex rel. St. Louis County v. Enright*, 729 S.W.2d 537, 540 (Mo.App.1987). (citations omitted). After the expiration of the statutory time within which to appeal, a court lacks subject matter jurisdiction and any order entered in such situation is wholly void. *Id.* (citations omitted).

Our jurisdiction is derived from that of the trial court. *Schneider v. Sunset Pools of St. Louis, Inc.*, 700 S.W.2d 137, 138 (Mo.App. 1985). This appeal is dismissed because the trial court never acquired jurisdiction to review the decision of the Civil Service Commission.

CRANE, P.J., and CRAHAN, J., concur.