STATE ex rel. COUNTY OF JACKSON,
Missouri, Respondent,

v.

THE MISSOURI PUBLIC SERVICE
COMMISSION, Appellant.

No. WD 55723.

Missouri Court of Appeals,
Western District.

Feb. 2, 1999.

Cerlyn D. McGowan, Jefferson City, for appellant.

Jeremiah D. Finnegan, Kansas City, for respondent.

Before ULRICH, P.J.; SMART, J. and LAURA DENVIR STITH, J.

ULRICH, Presiding Judge.

The Missouri Public Service Commission (PSC) appeals from the declaratory judgment entered by the trial court in favor of Jackson County, Missouri (Jackson County), in a natural gas rate case. Jackson County sought to intervene in the case as a political subdivision and as a representative of the citizens and businesses of the county. The PSC granted Jackson County's request to intervene but limited the intervention to the county's representing its own interest and not that of the residents and businesses of the county. Jackson County filed a petition for writ of mandamus and writ of prohibition to compel the PSC to permit Jackson County's representation of residents and businesses within the county. The trial court issued its declaratory judgment permanently enjoining the PSC from limiting the intervention of Jackson County or any other person, firm, or corporation specified in section 386.390.1, RSMo 1994, in any proceeding before the PSC and from declaring any future order or decision in a controverted matter final on the date the order is entered by the PSC. The PSC raises several points on appeal. It claims that the trial court erred in entering the declaratory judgment because (1) the court lacked subject matter jurisdiction; (2) the issues decided in the declaratory judgment were not ripe for judicial review; (3) the issues addressed in the declaratory judgment were moot; (4) the declaratory judgment improperly addressed anticipated quasi-judicial errors; and (5) the declaratory judgment unlawfully enjoined the PSC from exercising its discretion to grant, deny, or limit intervention under section 386.420, RSMo 1994. The judgment of the trial court is ordered vacated.

On October 3, 1997, Missouri Gas Energy (MGE), a division of Southern Union Company, filed tariff sheets with the PSC, a state agency established by the Missouri legislature to regulate public utilities, requesting a $27,817,140 annual increase in revenues from its Missouri service area, which included Jackson County, effective November 2, 1997. The case was denominated case number GR–98–140. Jackson County filed a timely application to intervene on behalf of itself and its residents and businesses on October 23, 1997. On October 29, 1997, the PSC suspended the effective date of the tariff sheets from November 2, 1997, to November 2, 1998.

On October 31, 1997, MGE filed suggestions in opposition to Jackson County's application to intervene. MGE stated that while it had no opposition to Jackson County's intervention "as a political subdivision on its own behalf or as a purchaser of natural gas service," it did object to Jackson County's intervention "as a representative of the citizens and businesses of Jackson County on the basis that the Office of Public Counsel is specifically empowered to 'represent and protect the public interest' pursuant to the provisions of § 386.710, RSMo1994." Jackson County responded to MGE's suggestions in opposition on November 1, 1997. It argued that it had a right to intervene in a proceeding before the PSC as a "representative of the public in the locality or territory affected" and that section 386.710.3, RSMo 1994, specifically provided that its right to intervene was not to be limited by the construction of any provisions of section 386.710, the statute empowering the Office of Public Counsel.

The PSC issued an order on December 9, 1997, granting Jackson County intervenor status. In issuing the order, however, the PSC determined that Jackson County's intervention should be limited to representing its own interest as a purchaser of natural gas service and its own interest in the welfare of the county. It further ruled that the general public interest of the citizens of the county is represented by the Office of Public Counsel pursuant to section 386.710, RSMo 1994. In the order, the PSC granted full intervention to the City of Kansas City, which also filed an application to intervene on behalf of itself and its citizens and businesses. The order

was made effective on the same date it was issued, December 9, 1997.

Jackson County filed its petition for writ of mandamus and writ of prohibition on December 23, 1997, requesting the circuit court to (1) direct the PSC to grant Jackson County full intervention in case number GR–98–140, (2) prohibit the PSC from precluding, in any proceeding before the PSC, the intervention of Jackson County or other county, city, town or village as a representative of the residents and businesses of the county, city, town or village, and (3) direct the PSC to, in the future, issue orders with an effective date that would provide sufficient opportunity for an aggrieved party to file an application for rehearing. The court issued a preliminary order in mandamus and prohibition the same day.

On January 7, 1998, the PSC issued a second order, effective January 21, 1998, granting Jackson County full intervention in the case as the county had sought. On January 20, 1998, the PSC filed its answer to Jackson County's petition for writ of mandamus and writ of prohibition. It also filed a motion to dismiss the petition and to quash the preliminary order in mandamus and prohibition contending, *inter alia*, that the issues raised in the Jackson County's petition were moot. In suggestions in support of its motion to dismiss, the PSC argued that because it subsequently granted Jackson County full intervention in case number GR–98–140, a decision on the petition for writ of mandamus and writ of prohibition would not have any practical effect on any then existing controversy and, thus, was unnecessary.

In Jackson County's suggestions in opposition to the PSC's motion to dismiss, it withdrew its prayers for relief in its petition acknowledging that the PSC had granted it full intervention after the filing of the petition. Nevertheless, Jackson County requested the trial court to exercise its discretion under an exception to the mootness doctrine and rule on the issues. It argued that the issues of the PSC limiting its intervention under section 386.710, RSMo 1994, and making its orders effective on the date thereof were of general public interest and impor-

tance, will evade appellate review, and will recur.

Following a hearing on the petition for writ of mandamus and writ of prohibition, the trial court entered its declaratory judgment on March 11, 1998. In the declaratory judgment, the court denied the PSC's motion to dismiss and to quash the preliminary order in mandamus and prohibition and made the following orders:

That Respondent Commission be, and hereby is, permanently restrained and enjoined from:

a. construing anything in Section 386.710 to limit the intervention of Relator [Jackson County] or of any other person, firm or corporation specified in subsection 1 of Section 386.390 in any proceeding or other matter before the Commission; and

b. making an order or decision, in which a controverted matter is decided, effective on the date thereof or on a date which does not allow a reasonably adequate time for an aggrieved party to file an application for rehearing before any such order or decision becomes effective.

From this judgment, the PSC appeals.

The PSC raises several points on appeal. It claims that the trial court erred in entering the declaratory judgment because (1) the court lacked subject matter jurisdiction; (2) the issues decided in the declaratory judgment were not ripe for judicial review; (3) the issues addressed in the declaratory judgment were moot; (4) the declaratory judgment improperly addressed anticipated quasi-judicial errors; and (5) the declaratory judgment unlawfully enjoined the PSC from exercising its discretion to grant, deny, or limit intervention under section 386.420, RSMo 1994.

▇▇ The mootness issue is dispositive in this case. Jackson County's petition for writ of mandamus and writ of prohibition sought an order of the trial court directing the PSC to grant Jackson County intervention as a political subdivision and as a representative of citizens and businesses of the county in case number GR–98–140. Subsequent to the filing of the petition, the PSC granted Jackson County full intervention in this case. A

case is moot if a judgment rendered has no practical effect upon an existent controversy. *State ex rel. Chastain v. City of Kansas City,* 968 S.W.2d 232, 237 (Mo.App. W.D.1998); *State ex rel. Missouri Cable Television Ass'n v. Missouri Public Serv. Comm'n,* 917 S.W.2d 650, 652 (Mo.App. W.D.1996). When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed. *Chastain,* 968 S.W.2d at 237. Where a respondent in a mandamus or prohibition case complies with the relator's demands prior to the court's determination of the case, no justiciable controversy remains and mandamus will not lie. *State ex rel. St. Louis County v. Enright,* 729 S.W.2d 537, 540 (Mo. App. E.D.1987). The PSC's granting of full intervention to Jackson County in case number GR–98–140 eliminated any justiciable controversy between Jackson County and the PSC and rendered this case moot.

Despite the mootness of this case, Jackson County asked the trial court, and this court on appeal, to exercise its discretion under an exception to the mootness doctrine and rule on the general issues of limitation of intervention based on section 386.710, RSMo 1994, and the PSC making its orders final and effective on the date they are filed. While courts should generally not decide moot issues, a court has discretion to review a moot case where the case presents a recurring unsettled legal issue of public interest and importance that will escape review unless the court exercises its discretionary jurisdiction. *Chastain,* 968 S.W.2d at 237. This exception is very narrow, however, and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, the "public interest" exception does not apply. *Id.*

The issues in this case, whether the PSC may construe section 386.710 to limit the intervention of any person, firm, or corporation in a proceeding before the PSC and whether the PSC may make an order final and effective on the date it is filed, are likely to be present in future controversies practically capable of review. The issue of limitation of intervention based on section 386.710,

RSMo 1994, may be reviewed at a later time in a case where a party's intervention is actually limited and not subsequently granted. Likewise, a PSC order denying intervention, or any other PSC order, made final and effective on the date of its entry, thereby precluding review through the judicial review procedure of section 386.510, RSMo 1994, may be reviewed at a later date by the filing of a petition for extraordinary relief. Thus, the issues involved in this case will not likely escape appellate review in future controversies. Jackson County's effort to cause this court to exercise its discretion to review the issues in terms of all future cases is effectively a request for an advisory opinion on hypothetical questions. Full intervention having been granted to Jackson County in this case, no controversy exists. Appellate courts neither render advisory opinions nor decide non-existent issues. *Missouri Cable,* 917 S.W.2d at 652. Furthermore, because of the numerous ancillary issues in this case that would require analysis and discussion before the issues for which comment is desired, this court elects not to exercise its discretion under the exception to the mootness doctrine in this case.

The judgment of the trial court is ordered vacated.

All concur.