Thomas FITZGERALD, Appellant,

v.

STATE of Missouri ex rel. LaDonna R. ADAMSON, Respondent.

No. 22309.

Missouri Court of Appeals, Southern District, Division One.

March 29, 1999.

David R. Mercer, Andereck, Evans, Milne, Peace & Baumhoer, L.L.C., Springfield, for appellant.

Michael S. Kisling, Department of Social Services, Division of Legal Services, Jefferson City, for respondent.

CROW, Judge.

An administrative hearing officer ("AHO") of the Department of Social Services conducted a hearing pursuant to § 454.475, RSMo 1994, to determine whether Thomas Fitzgerald should be ordered to pay child support and provide medical insurance for a child born to LaDonna R. Adamson.

On June 12, 1996, the AHO issued a "Decision and Order" ("the AHO Decision")[1] determining that Fitzgerald[2] is the father of the child. The AHO Decision commanded Fitzgerald to pay monthly child support and provide medical insurance for the child.

On August 12, 1996, Fitzgerald filed a petition in the Circuit Court of Jasper County ("the trial court"). The "Defendant" named in Fitzgerald's petition was: "State of Missouri, ex rel. LaDonna R. Adamson." References to "Defendant" in this opinion are to the "Defendant" named by Fitzgerald.

On the date Fitzgerald filed his petition in the trial court, the statute authorizing judicial review of the AHO Decision was § 454.475.5, RSMo 1994, which read, in pertinent part:

"Any parent adversely affected by such decision may obtain judicial review under sections 536.100 to 536.140, RSMo, by filing a petition for review in the circuit court of proper venue within thirty days of receipt of notice of the decision."[3]

Fitzgerald's petition prayed the trial court to find that Defendant did not have sufficient evidence to establish that Fitzgerald is the father of the child. Fitzgerald asked the trial court to reverse the AHO Decision and to order Defendant to "cease and desist all further action regarding the pursuit of child support from [Fitzgerald]."

The trial court, following a hearing consisting entirely of lawyers' arguments, entered judgment affirming the AHO Decision. Fitzgerald brings this appeal from that judgment.

When this court examined the record on appeal, it was obvious that if Fitzgerald received notice of the AHO Decision within a reasonable time after the AHO issued it (as reported earlier, the date of issuance was June 12, 1996), Fitzgerald probably waited too long to file his petition for judicial review in the trial court (as reported earlier, the date of filing was August 12, 1996). An attentive reader will recall that § 454.475.5, RSMo 1994, quoted in part earlier in this opinion, granted Fitzgerald thirty days after receiving notice of the AHO Decision to file his petition.

The record on appeal contained, *inter alia*, documents from the record of the Division of Child Support Enforcement ("DCSE"); however, the DCSE documents did not reveal when Fitzgerald received notice of the AHO Decision.

Consequently, this court issued an order providing that if DCSE had a document showing the date Fitzgerald received notice of the AHO Decision, Defendant should file a supplemental record on appeal containing a copy of such document. This court's order further provided that the parties could file supplemental briefs addressing the timeliness of the filing of Fitzgerald's petition.

In response to this court's order, Defendant filed a "Supplemental Legal File." It contains, *inter alia*, a receipt from the United States Postal Service for certified mail. The receipt shows that on June 19, 1996, a copy of the AHO Decision was mailed (as item P 330 642 306) to the Joplin lawyer who represented Fitzgerald at the AHO hearing. This opinion henceforth refers to that lawyer as "Fitzgerald's original lawyer."[4] The address to which the AHO Decision was mailed was the office address of Fitzgerald's original

1. Pursuant to § 454.475.5, RSMo 1994, the AHO Decision "shall be the decision of the director." The term "director," as used in § 454.475.5 means the director of the Division of Child Support Enforcement or his designee. § 454.460(5), RSMo 1994.

2. For brevity and clarity, this opinion henceforth refers to Thomas Fitzgerald by his surname. No disrespect is intended.

3. Section 454.475.5, RSMo 1994, was amended by Laws of Missouri 1997, H.C.S.S.S.S.B. 361, pp. 1140–1220. The new version reads, in pertinent part:

"Any parent or person having custody of the child adversely affected by such decision may obtain judicial review pursuant to sections 536.100 to 536.140, RSMo, by filing a petition for review in the circuit court of proper venue within thirty days of mailing of the decision."

4. In addition to representing Fitzgerald at the AHO hearing, Fitzgerald's original lawyer represented Fitzgerald in the trial court. The lawyer representing Fitzgerald in this appeal is not Fitzgerald's original lawyer.

lawyer as shown on a document filed by Fitzgerald's original lawyer with DCSE.

The Supplemental Legal File also contains a "Domestic Return Receipt" showing that delivery of item P 330 642 306 was made to the designated address on June 21 or 27, 1996.[5] A signature appears on the receipt. With praiseworthy candor, the lawyer representing Fitzgerald in this appeal concedes in his response to this court's order about the timeliness issue that the signature on the receipt is that of a person who "was at all times relevant to this inquiry (and still is) employed by [Fitzgerald's original lawyer]."

If delivery of the AHO Decision to the office of Fitzgerald's original lawyer and into the possession of the lawyer's employee constituted receipt of notice of the AHO Decision by Fitzgerald within the meaning of § 454.475.5, RSMo 1994, it is manifest that Fitzgerald waited too long to file his petition for judicial review in the trial court, as he filed it more than thirty days after receipt of notice of the AHO Decision.

■ When an alleged parent represented by a lawyer requested a hearing under § 454.475, RSMo 1994, it was evidently the practice of DCSE to send notice of the hearing to the alleged parent's lawyer. Among the DCSE documents in the record on appeal is a notice of the AHO hearing. The notice, dated forty days before the hearing, was sent to Fitzgerald's original lawyer. Fitzgerald's original lawyer obviously received the notice, as the lawyer and Fitzgerald were present at the hearing and participated in it.[6]

■ The relationship of lawyer and client is an agency relationship governed by the rules applicable to agency relationships in general. *World Resources, Ltd. v. Utterback,* 943 S.W.2d 269, 271[4] (Mo.App. E.D. 1997); *Sappington v. Miller,* 821 S.W.2d 901, 904[8] (Mo.App. W.D.1992). In regard to notice, the general rule is that notice to, or knowledge of, an agent while acting within the scope of his authority and with regard to any business over which his authority reaches, is notice to, or knowledge of, the principal. *Eveready Heating & Sheet Metal, Inc. v. D.H. Overmyer, Inc.,* 476 S.W.2d 153, 155[4] (Mo.App.1972). Thus, where a client employs a lawyer to represent the client in a particular matter, knowledge of the lawyer about the matter, acquired in the course of the lawyer's employment, is generally imputed to the client. *Bayne v. Jenkins,* 593 S.W.2d 519, 533[19] (Mo. banc 1980).

■ Consistent with the law set forth in the preceding paragraph, this court holds that the delivery of the AHO Decision to the office of Fitzgerald's original lawyer and into the possession of the lawyer's employee constituted receipt of notice of the AHO Decision by the lawyer—the legal equivalent of receipt of notice by Fitzgerald within the meaning of § 454.475.5, RSMo 1994. *Cf. McDonald County Mercantile Bank v. Harp,* 779 S.W.2d 21, 24[1] (Mo.App. S.D.1989). It follows that Fitzgerald's petition for judicial review of the AHO Decision was not filed in the trial court within the time required by that statute.

In *Vaughn v. City of St. Louis Department of Health and Hospitals,* 878 S.W.2d 852, 853 (Mo.App. E.D.1994), the court held:

"The failure to comply with the statutory time for review of an agency decision results in lapse of jurisdiction of right of review. *State ex rel. St. Louis County v. Enright,* 729 S.W.2d 537, 540 (Mo.App. 1987). (citations omitted). After the expiration of the statutory time within which to appeal, a court lacks subject matter jurisdiction and any order entered in such situation is wholly void. *Id.*"

This court holds the trial court in the instant case lacked subject matter jurisdiction to entertain Fitzgerald's petition for judicial review of the AHO Decision,[7] hence the

---

5. The "Date of Delivery" is handwritten and can be read as either "6/21/96" or "6/27/96."

6. According to the AHO Decision, the hearing was a "[t]elephone conference hearing" originating at the Division of Legal Services office in Jefferson City. This court gathers from the transcript of the hearing that Fitzgerald's original lawyer and Fitzgerald were situated at the DCSE office in Joplin during the hearing.

7. In fairness to the trial court, this court notes that the untimeliness of Fitzgerald's petition for judicial review was not brought to the trial court's attention by Defendant's lawyer.

trial court's judgment is void. This court reverses the judgment and remands this case to the trial court with a directive to dismiss Fitzgerald's petition for lack of subject matter jurisdiction. *Cf. Bales v. Director of Revenue,* 786 S.W.2d 184, 186 (Mo.App. W.D. 1990).

PREWITT, P.J., and PARRISH, J., concur.

