Karen KLINE, Appellant,

v.

**BOARD OF PARKS & RECREATION COMMISSIONERS, et al.,** Respondents.

No. WD 59854.

Missouri Court of Appeals, Western District.

April 23, 2002.

Richard Helfand, Kansas City, MO, for appellant[s].

Cecilia O'Connor Abbott, Kansas City, MO, for respondent[s].

Before ULRICH, P.J., BRECKENRIDGE and HARDWICK, JJ.

PATRICIA BRECKENRIDGE, Judge.

Karen Kline appeals the summary judgment granted against her and in favor of the Board of Parks and Recreation Commissioners of the City of Kansas City, Missouri, former mayor Emmanuel Cleaver, Ollie W. Gates, Sheila Kemper Dietrich, Anne Garney, Terry Dopson, Mark McHenry, Mark Wourms, the Human Resources Board of the City of Kansas City, Missouri, Sarah Hatfield, Margaret Evans, John Stapleton, John Thigpen, Robert Collins and the City of Kansas City, Missouri (referred to collectively as "the City"), on Ms. Kline's petition for judicial review of an administrative decision. The administrative decision was that of the city manager dismissing, as untimely filed, her appeal of the decision of the human resources board ("the board"). The circuit court granted summary judgment on the basis that Ms. Kline failed to exhaust her administrative remedies, and dismissed Ms. Kline's case with prejudice. On appeal, Ms. Kline contends that she did not fail to exhaust her administrative remedies because her request for review to the city manager was timely filed. Because Ms. Kline's request for review to the city manager was untimely filed, the city manager correctly dismissed the request for review for lack of jurisdiction. Since Ms. Kline failed to exhaust her administrative remedies by not timely appealing to the city manager, the trial court properly dismissed Ms. Kline's case for lack of subject matter jurisdiction.

The appeal is dismissed.

**Factual and Procedural Background**

In January 1998, Ms. Kline learned that she was going to be demoted from her

position as zoo area supervisor at the Kansas City Zoo to zookeeper. On January 26, 1998, Ms. Kline requested a hearing on her pending demotion before the human resources board. Section 125 of the Kansas City Charter gives permanent city employees the right to request that the board review reductions in rank, removals, and suspensions. Under this section, the board is to hold a public hearing within thirty calendar days after the employee files a request for review.

The board originally set Ms. Kline's case for hearing on March 24, 1998. Ms. Kline's counsel, Richard Helfand, requested a continuance, which was granted. After the hearing was reset, Mr. Helfand requested two more continuances, which the board also granted. The hearing was then reset for July 28, 1998, but was again continued after a joint request of the parties. The board reset the hearing for August 18, 1998. On August 5, 1998, Mr. Helfand requested another continuance. The board notified Mr. Helfand that its rules and regulations did not permit it to grant another continuance unless it determined that an emergency existed. The board informed Mr. Helfand that it would consider the latest continuance request at the start of the August 18, 1998, hearing, but that if it was denied, the hearing would proceed.

On August 18, 1998, the board denied the continuance request and informed Michael Cole, an associate of Mr. Helfand's who was present at the hearing, that it would proceed with hearing evidence in Ms. Kline's case. After learning that the continuance request was denied, Mr. Cole left the hearing room. The City moved to dismiss Ms. Kline's case for want of prosecution. The board granted the motion.

The board then sent a letter, dated September 10, 1998, to Mr. Helfand. In the letter, the board informed Mr. Helfand of the dismissal for want of prosecution. City Charter Section 125 allows a party to request that the city manager review the board's decision. There are time limits on obtaining this review, as provided in Section 125:

> No review, however, shall be made by the city manager of any decisions of the personnel board except on the record of such proceedings and unless a written request therefor shall be made of the city manager by the employee or appointing authority involved, within ten (10) calendar days after the giving of written notification of the decision of the personnel board to such employee or appointing authority[.] [1]

On September 28, eighteen days after the date of the board's letter informing Mr. Helfand of its decision to dismiss Ms. Kline's case, Mr. Helfand sent a letter to the city manager requesting that he review the board's decision. In the letter, Mr. Helfand stated that his office did not receive the board's September 10th letter until "on or about" September 18th.

The city manager then requested that Mr. Helfand send documentation, such as the post-marked envelope in which the board's notice was sent, showing that Mr. Helfand's request for the city manager's review of Ms. Kline's case was timely filed. Mr. Helfand did not provide any documentation. The city manager notified Mr. Helfand that he did not have jurisdiction to review the case because the appeal to his office was not timely filed. The city manager dismissed the appeal on this basis.

---

1. The parties agree that the term "appointing authority" refers to the director of a department and any division head that the director of the department authorizes.

Ms. Kline then filed a petition for judicial review. In response, the City filed a motion for summary judgment in which it alleged that the circuit court did not have subject matter jurisdiction to consider the case because Ms. Kline failed to exhaust her administrative remedies. The circuit court granted the City's motion for summary judgment and dismissed Ms. Kline's case with prejudice. Ms. Kline filed this appeal.

## Standard of Review

■ Before addressing the merits of Ms. Kline's point, this court must determine the applicable standard of review. In her point relied on, Ms. Kline alleges error in the grant of summary judgment in favor of the City, and she asks that this court review the propriety of the summary judgment *de novo.* The City contends that this is a judicial review of an administrative decision in a contested case and, therefore, this court reviews the city manager's decision, which was to deny the request for review for lack of jurisdiction because the request was not timely filed, to determine whether the decision complied with § 536.140, RSMo 2000.[2]

A contested case is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010. After Ms. Kline was demoted, Section 125 of the City Charter entitled her to a hearing before the board, where she would have been entitled to present evidence under oath, and to request that the board compel the attendance of witnesses by subpoena. Following the hearing, the board was required to report its decision in writing. Ms. Kline was then entitled to have that decision reviewed by the city manager, whose review was on the record of the

proceeding before the board. *See Mosley v. Members of Civil Serv. Bd. for City of Berkeley,* 23 S.W.3d 855, 858 (Mo.App. 2000) (stating that procedural formalities such as providing notice to the parties of the issues; hearing sworn testimony, including cross-examination; making a record; adhering to evidentiary rules; and providing written decisions are generally present in contested cases). Because there was a sufficient measure of procedural formalities, this was a contested case and, therefore, the scope of judicial review is that outlined in § 536.140. *City of Cabool v. Mo. State Bd. of Mediation,* 689 S.W.2d 51, 53 (Mo. banc 1985).

■ In reviewing an appeal in a contested case, this court reviews the agency's decision, and not that of the circuit court. *See Sturdevant v. Fisher,* 940 S.W.2d 21, 23 (Mo.App.1997). The "agency" in this case is the city manager. This court will affirm the city manager's decision denying Ms. Kline's request for review as untimely filed unless it:

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

Section 536.140.2. This court views the evidence, and all reasonable inferences therefrom, in the light most favorable to the city manager's decision. *Gordon v.*

---

**2.** All statutory references are to the Revised    Statutes of Missouri 2000.

*City of Kansas City,* 748 S.W.2d 730, 731 (Mo.App.1988).

### Request for City Manager's Review Untimely Filed

■ Ms. Kline claims that the city manager should have reviewed the board's decision to dismiss her case because her request for the city manager's review was timely filed. Specifically, she contends that the plain language of Section 125 required the board to send the notice of its decision to her personally, and not just to her attorney. Section 125 provides that "[t]he board shall report all decisions in writing to the city manager, to the director of personnel, to the appointing authority and to the employee involved[.]" This section later states that, "[a]ll notices required to be given under the provisions of this section shall be deemed sufficient if delivered in person or if mailed to the last known post office address of the employee or appointing authority involved." Because the board sent the notice of its decision only to Mr. Helfand, and not to Ms. Kline personally, Ms. Kline argues that she, the employee, never received effective notice, so the clock never started to run on her request for the city manager's review.

■ The attorney-client relationship is an agency one, and is governed by principles applicable to agency relationships. *Fitzgerald v. State ex rel. Adamson,* 987 S.W.2d 534, 536 (Mo.App.1999). In agency relationships in general, notice to the agent "while acting within the scope of his authority and with regard to any business over which his authority reaches, is notice to, or knowledge of, the principal." *Id.* Therefore, "where a client employs a lawyer to represent the client in a particular matter, knowledge of the lawyer about the matter, acquired in the course of the lawyer's employment, is generally imputed to the client." *Id.*

In this case, Ms. Kline listed Mr. Helfand as her attorney in her initial request for a hearing before the board to review her demotion. Mr. Helfand made all of the continuance requests to the board on Ms. Kline's behalf. Although Ms. Kline received copies of the docket notices, Mr. Helfand received all other correspondence from the board. At no time did Ms. Kline argue that the correspondence Mr. Helfand received on her behalf from the board was insufficient to notify her of the contents of that correspondence.

Moreover, it should be noted that *Mr. Helfand* requested that the board issue subpoenas to serve on Ms. Kline's witnesses, and *Mr. Helfand* sent the written request to the city manager seeking the city manager's review on behalf of Ms. Kline. Mr. Helfand made these requests even though the plain language of Section 125 provides that the subpoenas are to be issued "at the request of either the *employee* involved, the appointing authority or any member of the board," and the request for the city manager's review is to be made "by the *employee* or the appointing authority involved." (Emphasis added.) For Ms. Kline to now argue that the term "employee," as used in Section 125, refers only to her personally, and not to counsel acting on her behalf, is unpersuasive.

The record is clear that Ms. Kline employed Mr. Helfand as her counsel in seeking administrative and judicial review of her demotion. Therefore, notice to Mr. Helfand is imputed as notice to Ms. Kline. The board's September 10, 1998, letter to Mr. Helfand was effective notice of the board's decision, and Ms. Kline had ten days from that date to file her request to the city manager to review the board's decision. Mr. Helfand's letter to the city manager on behalf of Ms. Kline requesting review of the board's decision was mailed

on September 28, 1998, eight days too late. Applying the standard set forth in § 536.140.2, this court finds that the city manager correctly denied Ms. Kline's request for review of the board's dismissal on the basis that the city manager lacked jurisdiction to review the case. Since Ms. Kline failed to exhaust her administrative remedies by not timely appealing to the city manager, the circuit court properly dismissed Ms. Kline's case for lack of subject matter jurisdiction. *See Begshaw v. City of Independence*, 41 S.W.3d 500, 503–04 (Mo.App.2000) (holding that the failure to exhaust administrative remedies deprives the circuit court of jurisdiction to review the administrative decision). Because this court's jurisdiction derives from the circuit court's jurisdiction, the appeal must also be dismissed. *Viehweg v. Mello*, 8 S.W.3d 187, 188–189 (Mo.App.1999).

All concur.