**Cheryl THRUSTON, Fern Ward and Luana Gifford, Appellants,**

v.

**JEFFERSON CITY SCHOOL DISTRICT, Respondent.**

No. WD 60172.

Missouri Court of Appeals, Western District.

Jan. 14, 2003.

Ronald Gladney, St. Louis, for appellant.

Johnny Richardson, Jefferson City, and Thomas Mickes, Chesterfield, for respondent.

Before HAROLD L. LOWENSTEIN, Presiding Judge, THOMAS H. NEWTON, Judge, and RONALD R. HOLLIGER, Judge.

RONALD R. HOLLIGER, Judge.

Appellants Cheryl Thruston and Fern Ward were employees of respondent Jefferson City School District. Appellant, Luana Gifford, is the president of the Missouri Federation of Teachers and School–Related Personnel, AFT–AFL–CIO, and the union representative of both Thruston and Ward.

Thruston was employed as a teacher in charge of a special education classroom for learning-disabled and/or behavior-disordered children. Ward was employed by the District as a principal. Both Thruston and Ward sought to bring separate grievances against the District, with Gifford acting as their union representative. Thruston's grievance concerned allegations that she had not been provided sufficient resources to enable her to adequately instruct and educate her class of "special needs" pupils. Ward's grievance addressed unilateral changes made to Ward's job responsibilities as principal toward the end of her contract with the District.

Thruston, Ward, and Gifford filed a suit with the Cole County Circuit Court seeking declaratory relief against the District. Thruston and Ward claimed that the District's actions with respect to their respective grievances denied them rights under both the Missouri and United States Constitution. Specifically, they claimed that the District's actions violated Article I, Section 29 of the Missouri constitution, as well as the First and Fourteenth Amendments to the U.S. Constitution. Gifford also claimed that the District's refusal to permit her to represent Thruston and Ward in their grievances violated her rights under those constitutional provisions. Appellants sought a ruling that the District's actions were unconstitutional and an order directing the District to refrain from similar conduct against them. Appellant's motion was dismissed by the trial court for failure to state a claim. Because we find that all of the claims are moot, the appeal is dismissed.

## FACTS

Both Thruston and Ward claim that they were penalized as a result of bringing their

grievances. Thruston's supervisors imposed "job targets" shortly after her grievance was filed, and she was repeatedly asked by the building principal if she wanted to resign. She further claims that she was ordered to refrain from discussing matters relating to the classroom or her employment with other individuals, including Gifford, her union representative. Unlike Thruston, Ward was not permitted to pursue her grievance at all. After her initial grievance was filed, Ward's duties were apparently even further limited.

The District filed a motion to dismiss the suit, arguing that the facts alleged by appellants failed to state a claim. The District further contended that existing precedent clearly refuted the claims raised. The trial court granted the District's motion and dismissed the declaratory judgment action. This appeal follows.

## STANDARD OF REVIEW

To dismiss for failure to state a claim (or to review a dismissal on that basis), the court must test the adequacy of the allegations of the petition. It must assume that all facts alleged by the petition are true and grant the plaintiff all reasonable inferences from those facts. If those facts and inferences meet the elements of a recognized cause of action (or a cause of action that might be adopted by the court), then the case cannot be dismissed. *See Nazeri v. Mo. Valley College,* 860 S.W.2d 303, 306 (Mo. banc 1993).

While not fully addressed by the parties, certain events during the pendency of the case cast doubt on whether the plaintiffs present a justiciable controversy to the court. If a case has become moot, an appellate court may raise that issue *sua sponte. State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001).

## ISSUES ON APPEAL

Plaintiffs Thruston, Ward, and Gifford raise a single point on appeal, claiming that the trial court erred in dismissing their petition, arguing that they asserted proper claims that the District violated their rights under the United States and Missouri Constitutions by refusing to permit them to collectively bargain with the District. This single point on appeal contains three subparts, one for each of the three plaintiffs. Thruston argues that her constitutional rights were violated because the District representatives recommended that she resign after raising her initial complaints, assigned "threatening" job targets, as if she was performing her duties in a substandard manner, and ordered her to refrain from discussing her working conditions with anyone outside of the school. Ward claims that she was denied her constitutional rights by the District's refusal to accept the grievance she submitted regarding changes made to her job responsibilities during the last few months of her employment with the District. Gifford contends that the District abrogated her constitutional rights by refusing to permit her to represent Thruston and Ward in their specific grievances.

## DISCUSSION

■ Article I, Section 29 of the Missouri Constitution guarantees employees the right to collectively bargain with their employers. This section has been long interpreted to apply only to private sector employees. *City of Springfield v. Clouse,* 356 Mo. 1239, 206 S.W.2d 539, 541–42 (banc 1947). Section 105.510, RSMo 2000, part of the Public Sector Labor Law, grants certain public employees limited rights of collective bargaining, but teachers are explicitly excluded from the classes of public employees granted those rights. This interpretation of the Missouri Constitution and § 105.510 has been upheld as constitu-

tional on appeal. *See Sumpter v. City of Moberly*, 645 S.W.2d 359, 361–62 (Mo. banc 1982).

The gravamen of appellants' appeal is a challenge to the interpretation of the above-cited provision of the Missouri Constitution contained within *Clouse, supra.* We have no authority to overrule *Clouse,* as it is an opinion by our Supreme Court, but appellants suggest that there may be some means to distinguish *Clouse* or otherwise restrict its application to the case at bar.

In our view, however, appellants' claim faces a more fundamental obstacle than that posed by *Clouse.* The District contends that the appellants fail to present a justiciable controversy upon the grounds that none of the appellants have standing. They argue that the declaratory and injunctive relief requested by appellants would be of no avail to them, as Thruston and Ward are no longer employed [1] by the District. The District couches the issue as one of standing, arguing that appellants Thruston and Ward lost standing with regard to their claim once their employment with the district came to an end. The District further argues that Gifford also lost standing at that stage, based upon a view that her claims are essentially derivative of those maintained by Thruston and Ward.

█ Standing is closely related to its sister doctrine, mootness, and both are derived from their parent doctrine, justiciability. Justiciability is the general requirement that the cause present "a real, substantial, presently existing controversy which is admitting of specific relief." *Willis v. Most Worshipful Prince Hall Grand Lodge*, 866 S.W.2d 875, 878 (Mo.App.1993). A party has standing if he or she has "a personal stake [in the action] arising from a threatened or actual injury." *State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 298 (Mo. banc 1986). A case becomes moot "when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984).

█ In our view, the justiciability question posed is one of mootness, not of standing. As stated at the outset, the relief requested by appellants was twofold, a finding that the District's conduct was unconstitutional and an order barring the District from continuing to engage in similar actions against appellants. Clearly, the relief requested by appellants would only be of benefit to them if Thruston and Ward were still employed by the District. " 'When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed.' " *Reardon*, 41 S.W.3d at 473 (quoting *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App.1999)). The doctrine is triggered when some event "so alters the position of the parties that any judgment rendered [merely becomes] a hypothetical opinion." *Id.* (bracketed language in original).

1. While it is not entirely clear from the record, it appears that neither Thruston nor Ward were tenured teachers. Their employment by the District ended in May 2000 due to the expiration of their contracts, not any action by the District to terminate their employment. The District apparently elected not to renew Thruston and Ward's contracts for the following academic year. Neither Thruston nor Ward has raised claims that the District's decision not to renew their contracts was the result of their complaints, nor does either appellant seek any relief regarding the District's decision not to renew their contracts.

■ Even in circumstances where an individual party's claims have become moot, however, an appellate court may still reach the merits of the claim if the mooted claim is capable of repetition, yet will continue to evade review due to the mootness doctrine. Under such circumstances, an appellate court can disregard the fact that the claim has become moot and address the substance of that claim. To be eligible, however, the case must present "a recurring unsettled legal issue of public interest and importance that will escape review unless the court exercises its discretionary jurisdiction." *State ex rel. County of Jackson v. Mo. Pub. Serv. Comm'n,* 985 S.W.2d 400, 403 (Mo.App. 1999). Conversely, if the mooted issue "is likely to be present in a future live controversy practically capable of review," this exception to the mootness doctrine does not apply. *Id.*

■ The claim raised by appellants would seem, at first blush, to qualify for this exception to the mootness doctrine. In the case of an untenured teacher, the District could moot the claim merely by choosing not to renew that teacher's contract for the following school year. Given that it would be essentially impossible for such a claim to be decided by a trial court and reviewed on appeal within a single school year, it would seem that the District could unilaterally moot similar claims raised by untenured teachers.

The claims raised by appellants are not unique to untenured teachers, however. Indeed, it is readily foreseeable how a tenured teacher seeking to raise a grievance could pursue a similar claim. Due to the procedural due process protections provided to tenured teachers regarding their employment, a tenured teacher cannot be terminated without a hearing, which may then be appealed. *See* § 168.106, RSMo 2000. If the tenured teacher had raised claims similar to those posed here, the claims would survive to receive appellate review.

As the claims raised by appellants are not such that they qualify for the exception for claims that are capable of repetition yet evade review, we conclude that the expiration of Thruston's and Ward's contracts mooted their claims against the District. We agree with the District that Gifford's claims are derivative of the other appellants' claims and that the mooting of the latter claims also moots Gifford's claims.

As all of the claims before this court are moot, there is no justiciable controversy that this court may resolve. Accordingly, we do not reach the merits of the appellants' appeal. The matter is reversed and remanded to the trial court with directions to enter a new judgment dismissing the petition as moot.

HAROLD L. LOWENSTEIN, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.