

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| **GERALD W. TYLER AND KATHRYN TYLER,** | |
| **Respondents,** | **WD82903** |
| **v.** | **OPINION FILED:** |
| **CITY OF MARSHALL, MISSOURI AND CITY OF MARSHALL BOARD OF BUILDING CODE ENFORCEMENT,** | **JUNE 16, 2020** |
| **Appellants** | |

**Appeal from the Circuit Court of Saline County, Missouri**
**The Honorable Dennis A. Rolf, Judge**

**Before Division Three: Anthony Rex Gabbert, Presiding Judge, Edward R. Ardini, Jr., Judge, W. Douglas Thomson, Judge**

The City of Marshall ("City") appeals the circuit court's Judgment finding that City failed to meet all requirements of the ordinances and codes of the City in conducting hearings (which resulted in the City of Marshall Board of Building Code Enforcement ("the Board") ordering demolition of Gerald Tyler's and Kathryn Tyler's[1] property), thereby making the Findings of Facts and Conclusions of Law issued by City on November 1, 2016, void. On appeal, City contends the circuit court, 1) erred in denying City's Motion to Dismiss the Tylers' Petition, arguing the court

---

[1] "The Tylers" collectively.

lacked authority under Section 536.100, RSMo 2016, to consider the petition because it was not filed within thirty days of the entry and mailing of the order of the administrative body, and 2) erred in entering Judgment holding the Board's order was void because such finding exceeds the scope of permissible review under Section 536.140.2, RSMo 2016. We reverse and remand.

## Factual and Procedural Background

On June 3, 2016, the City recorded with the Saline County Recorder's Office a Condemnation Notice against certain property located at 258/260 West Arrow Street, Marshall, Saline County, Missouri ("the Property"). At the time of recording, the Property was owned by Marshall Revitalization Group, LLC. The Condemnation Notice and Notice of Hearing before the City's Board of Building Code Enforcement was sent to Marshall Revitalization Group, LLC., with the hearing scheduled for September 9, 2016.

On or about August 29, 2016, the Property was transferred by Quitclaim Deed from Marshall Revitalization Group, LLC to the Tylers. The Deed was signed by the LLC's "Managing Member," Gerald Tyler.

On September 9, 2016, Gerald Tyler appeared before the Board. Tyler advised the Board that he intended to rehabilitate the Property after the City demolished the adjoining building. The Board continued the matter concerning the Property to September 22, 2016, for further consideration.

On September 22, 2016, the Board called the Property issue up for hearing. The Tylers were not present. After considering additional evidence, the Board voted to order demolition of the structure on the Property. On November 1, 2016, the Board entered written Findings of Fact and Conclusions of Law. The Board concluded that the Property was in violation of the City's Ordinances and Property Maintenance Codes and that the Property presented a danger to the

2

health, safety, and welfare of the public. The Board's findings and conclusions ordered demolition of the structure on the Property.

On November 30, 2016, the Tylers filed a Petition for Review with the Saline County Circuit Court pursuant to Section 536.100, seeking review of the Board's decision to demolish the Property. On January 5, 2017, the City filed a Motion to Dismiss the Petition. The City alleged that Plaintiffs filed a Certificate of Service showing they hand-delivered a copy of the Petition to the Mayor of the City, but no proof of delivery or mailing was filed to show the Petition was served on the Board of Building Code Enforcement, the agency involved in the matter. Argument was heard on the motion February 15, 2017. On March 30, 2017, the court dismissed the Tyler's Petition without prejudice.

Approximately three months later, on June 26, 2017, the Tylers filed a second Petition for Review requesting, pursuant to Section 536.100, judicial review of the decision of the City's Board of Building Code Enforcement which condemned and ordered demolition of the Tylers' property. The Petition alleged, among other things that, pursuant to Section 536.100, the Petition was not required to be filed within thirty days of issuance of the City's Findings of Fact and Conclusions of Law because the order of the administrative agency was void as a matter of law.

On July 25, 2017, the City filed a Motion to Dismiss on the grounds that the Petition was not filed within thirty days as required by Section 536.110, RSMo 2016. On December 31, 2017, the trial court denied the City's motion with a docket entry stating that the Tylers were seeking to attack the City's action as a void order under Section 536.100, not as review of an administrative order under Section 536.100.

At the December 11, 2018, bench trial on the Tylers' Petition, various City ordinances were entered into evidence and Gerald Tyler testified. During argument, Tylers' counsel argued that,

3

even though the building had already been demolished by the City, the Tylers were contending that the City wrongfully demolished the building and, therefore, were requesting a ruling by the court that the City's Findings of Fact and Conclusions of Law order was void because the document itself had "half a dozen ordinances violations." Further, counsel argued the issue was not moot because the City's condemnation of buildings and demolition process was flawed, and the Tylers had other buildings that the City had started the condemnation procedure on.

At trial the City argued, pursuant to their July 25, 2017, Motion to Dismiss that, the Petition was untimely filed under Section 536.110, and, therefore, the Petition should be dismissed. In response, the Tylers' counsel relied on Section 536.100 which provides that, nothing in Chapter 536 shall prevent any person from attacking a void order of an agency at any time.

The trial court entered Judgment May 25, 2019, concluding the Board's findings regarding the Property were void.

This appeal follows.

### Point I - Motion to Dismiss

In its first point on appeal, the City contends the circuit court erred in denying City's Motion to Dismiss the Tylers' Petition, arguing the court lacked authority under Section 536.100 to consider the petition because it was not filed within thirty days of the entry and mailing of the order of the administrative body. We agree.

As relevant here, Section 536.100 provides,

> Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute; provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section.

4

Section 536.110.1 provides that, "Proceedings for review may be instituted by filing a petition in the circuit court of the county of proper venue within thirty days after the mailing or delivery of the notice of the agency's final decision."

It is undisputed that the Tylers' petition was filed beyond thirty days of the mailing/delivery of notice of the agency's final decision. The question before us is whether the provision within Section 536.100 that states, "nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section," allows for an allegedly void order to be attacked under Section 536.100 when a petition for review under Section 536.100 is filed out of time.

We concluded in *Smith v. City of Kansas City*, 635 S.W.2d 78, 79 (Mo. App. 1982), that it does not. We reasoned:

> Appellant says, though, that the Trustees' order was void, and that the order was therefore removed from the 30-day limitation period. He cites no case for that proposition but cites certain language of § 536.100, RSMo 1978. The latter statute provides generally for a judicial review of a 'final decision (of an administrative agency) in a contested case'. It goes ahead to say: '... provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section.' That proviso does not have the effect appellant ascribes to it. It means that if an administrative agency's order is void, the statute does not take from an aggrieved party other remedies-other, that is, than statutory judicial review-but leaves such remedies intact and available. The statute does not put aside the 30-day limitation for filing a petition for judicial review under § 536.100, et seq., RSMo 1978. If one chooses that method of attack upon the order, though the order is void, or is alleged to be void, he is bound to file his petition in 30 days from the date of the offending order.

5

Here, the Tylers brought their Petition for review of the agency's decision, therein alleging the City's order was void, under Section 536.100.[2]  The Petition was untimely.  "Section 536.110 does not provide for any exception to the thirty-day requirement for filing a petition for review." *State Bd. of Registration for Healing Arts v. Draper*, 280 S.W.3d 134, 136 (Mo. App. 2009).  "The failure to comply with the statutory time for review of an agency decision results in lapse of jurisdiction of right of review."  *Vaughn v. City of St. Louis Dept. of Health and Hospitals*, 878 S.W.2d 852, 853 (Mo. App. 1994).  Because the Section 536.100 Petition was filed out of time, the circuit court lacked authority to review the Petition, other than to exercise its power to dismiss. *State Bd. of Registration*, 280 S.W.3d at 136-137.

We conclude that the circuit court erred in denying City's Motion to Dismiss the Tylers' petition as the court lacked authority under Section 536.100 to consider the petition because it was not filed within thirty days of the entry and mailing of the order of the administrative body pursuant to Section 536.110.  City's first point on appeal is granted.

**Conclusion**

The circuit court's judgment is reversed and the cause is remanded with directions that the

---

[2] *Compare McNeill v. City of Kansas City*, 459 S.W.3d 509 (Mo. App. 2015), an action not filed under Section 536.100 but a separate action for wrongful demolition.  The City argued that the court had no jurisdiction to consider the validity of the City's demolition order in that litigation because it was a final administrative order not subject to collateral attack.  *Id.* at 513.  We disagreed and discussed that, while an "erroneous" or "voidable" order was not subject to collateral attack, a demolition order entered in excess of the City's delegated authority pursuant to its own duly-enacted ordinances was "void" and, therefore, subject to collateral attack within the wrongful demolition action as provided in Section 536.100.  *Id.* at 513-515.

6

circuit court dismiss the Tylers' petition.[3]



Anthony Rex Gabbert, Judge

All concur.

---

[3] As City's first point on appeal is dispositive, we need not address its second point.