917 S.W.2d 650 (1996)
STATE of Missouri, ex rel. MISSOURI CABLE TELEVISION ASSOCIATION, Appellant,
v.
The MISSOURI PUBLIC SERVICE COMMISSION, Southwestern Bell Telephone Company, United Telephone Company of Missouri, Respondent, MCI Telecommunications, Midwest Independent Coin Payphone, Intervenor-Appellant, Bourbeuse Telephone Company, Mid-Missouri Group (Mid-Missouri Telephone Co.), AT & T Communications of the Southwest, Inc., Intervenor-Respondent.
No. WD 50687.
Missouri Court of Appeals, Western District.
March 19, 1996.
*651 Jeremiah D. Finnegan, Finnegan, Conrad & Peterson, Kansas City, for appellant.
Robert J. Hack, General Counsel, Jefferson City, for Respondent, Missouri Public Service Commission.
Katherine C. Swaler, St. Louis, for Respondent, Southwestern Bell.
Thomas A. Grimaldi, Overland Park, Kansas, for Respondent, United Telephone Company of Missouri.
Carl James Lumley, Clayton, for Intervenor-Appellant, MCI Telecommunications.
William M. Barvick, Jefferson City, for Intervenor-Respondent Midwest Independent Coin Payphone.
William Ross England, III, Jefferson City, for Intervenor-Respondent Bourbeuse Telephone Company.
Craig Steven Johnson, Jefferson City, for Intervenor-Respondent, Mid-Missouri Group.
Paul Deford, Kansas City, for Intervenor-Respondent, AT & T Communications of the Southwest, Inc.
Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.
ULRICH, Judge.
Missouri Cable Television Association (MCTA) appeals the trial court's order affirming the Public Service Commission's Report and Order in which the Public Service Commission (PSC) offered to regulate Southwestern Bell Telephone (SWBT) by a method referred to as the Accelerated Modernization Plan. MCTA, an intervenor, claims the trial court erred in finding that the PSC had authority to regulate SWBT under an alternative regulation plan and in finding that the question of lawfulness was moot because SWBT had rejected the offer.
The appeal is dismissed.
In 1990 the commission approved an experimental incentive regulation plan for SWBT. The plan was to last for three years and included a revenue sharing grid based upon SWBT's return on equity each year. Earnings above 14.1%, would be shared with SWBT customers by way of a credit on customer's bills. As part of this agreement, reports were filed concerning the success of the plan in 1992. A date was set to consider future plans to be implemented. The plan under which SWBT began operating in 1990 was then extended to January of 1994 to avoid a lapse while a new plan was developed. After hearings, the PSC issued its report and order in which it ordered SWB to reduce its rates by $84.6 million and to set a date by which it could accept the PSC's proposed Accelerated Modernization Plan.
The plan offered SWBT, by the Commission, would have operated during a five-year period of time, ending in 1998, in which SWBT would have agreed to forgo any general rate increase or specific increases to basic local service rates. During this time SWBT's return on equity would be calculated each year and compared to a grid set forth in the PSC order to determine if SWBT's customers were entitled to share the company's earnings. If entitled, customers would receive a credit on their bills.
SWBT declined to accept the Accelerated Modernization Plan proposed by the Commission. After the Commission denied all applications for rehearing, review was requested in the Cole County Circuit Court by MCTA, SWBT and two other intervenors. All parties except MCTA voluntarily dismissed their appeals. The court issued its order on December 30, 1994, affirming the PSC's Report and Order and ruled that the question of lawfulness of the Accelerated Modernization Plan was moot because SWBT had rejected the plan leaving no controversy to decide.
MCTA's second point on appeal is dispositive. MCTA claims the trial court erred in concluding that the issue of lawfulness *652 became moot upon SWBT's rejection of the plan. A case on appeal becomes moot when circumstances change so as to alter the position of the parties so that the controversy ceases and a decision by the court would grant no relief. State ex rel. Monsanto Co. v. Public Service Comm'n of Missouri, 716 S.W.2d 791, 793 (Mo. banc.1986). "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." Citizens for Safe Waste Management et al. v. St. Louis County Air Pollution Control Appeal Bd., 896 S.W.2d 643, 644 (Mo.App.1995) (quoting Duffe v. Zych, 676 S.W.2d 70 (Mo.App.1984)). Issues that are moot are not subject to consideration. State ex rel. Missouri Public Service Comm'n v. Fraas, 627 S.W.2d 882, 885 (Mo. App.1981).
Two narrow exceptions to the mootness doctrine are recognized. Cross v. Cross, 815 S.W.2d 65, 66 (Mo.App.1991). Where the issue raised is one of general public interest and importance, recurring in nature and will otherwise evade appellate review unless the court exercises its discretionary jurisdiction evokes one exception. Id.; Fraas, 627 S.W.2d at 885.[1] MCTA urges that the present case fits within this exception.
Only recently has the PSC tendered alternative regulation as an option. This type of regulation has been implemented twice, once with SWBT from 1990 to 1993 and again with Union Electric Company in 1995, scheduled to end in 1998. The issue is likely to occur again in the future. The increase in use of alternative plans will allow this issue to be reviewed at a later time when a plan has actually been implemented. Thus, the issue of the legality of a plan analogous to the plan proposed by the commission will not likely escape appellate review if effected. Only a hypothetical question for which appellant seeks an advisory opinion exists. The proposed plan never having been effected, no controversy ever existed in this case for purposes of litigation. An offer was made and rejected. Appellate courts do not render advisory opinions or decide non-existent issues. Warren v. Warren, 601 S.W.2d 683, 687 (Mo.App.1980). The issue on appeal is moot, and the appeal is dismissed.
All concur.
NOTES
[1] The other situation which qualifies as an exception to the mootness doctrine is one in which the case becomes moot after submission and argument. Dismissal for mootness is then discretionary. Cross, 815 S.W.2d at 66.