STATE of Missouri ex rel. RAS
INVESTMENT, INC., d/b/a the
Country Club, Respondent,

v.

Jim LANDON, City Manager, City
of Warrensburg, Missouri, et
al., Appellant.

No. WD 60104.

Missouri Court of Appeals,
Western District.

May 21, 2002.

Douglas Harris, Warrensburg, MO, for Appellant.

Before ROBERT G. ULRICH, P.J., PATRICIA A. BRECKENRIDGE and LISA WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Presiding Judge.

The City of Warrensburg, Missouri (hereinafter "City") appeals the trial court's order granting RAS Investments, Inc. (hereinafter "RAS") a writ of mandamus to compel City and its officials to issue a license to sell liquor by the drink and liquor by the drink on Sunday in City (hereinafter "Restaurant bar license"). On appeal, City asserts that the trial court erred in: 1) declaring that the definition of "restaurant" used by City in applying Chapter Three of the Code of Ordinances of the City of Warrensburg, Missouri was unreasonable; 2) declaring that City lacked a guide to exercise its discretion in defining the word "restaurant" as that term is used in Chapter Three of the Code of Ordinances of the City of Warrensburg, Missouri; 3) finding that RAS had shown an unequivocal right to a restaurant bar license; and 4) assessing court costs against City. The judgment of the trial court is reversed in part.

## Facts

The City of Warrensburg, Missouri, a third-class city with a council-manager form of government, has established four different varieties of licenses to sell liquor by the drink for consumption on the premises where purchased. These license types are taverns, amusement places, resorts, and restaurant bars. In order to protect minors, all but restaurant bar licenses restrict entry to a licensed establishment to persons nineteen years of age and older. Special consideration is given to restaurant operations, and no age restriction applies. Sunday licenses are also available to restaurant bars.

In the City of Warrensburg, the city manager is the official charged with reviewing liquor license applications in the first instance. If, after review, the city manager determines that an applicant is not qualified, the applicant may seek review of that decision before the city counsel.

In December of 1999, RAS applied to City for a temporary license to sell liquor by the drink as a restaurant bar at the facility known as "The Country Club" in Warrensburg, Missouri. These temporary licenses are provided to new establishments to permit them an opportunity to prove their type of operation and their gross sales. Having not compiled the ninety days' worth of sales required for a permanent license, RAS applied for and received a second temporary license to allow it opportunity to prove its qualifications. Finally, on June 2, 2000, RAS submitted its application for a full license as a restaurant bar for the year 2000 to 2001. RAS testified, through its agent, Randy Suhr, that it was motivated, at least in part, to receive this type of license so that no age restrictions would apply to its patrons or its operation. In support of its application, RAS submitted gross sales numbers for the required period in two formats. One was generated by RAS, and one was a Missouri Division of Liquor Control form. In accordance with standard procedures, the city manager also inquired into the nature of the business being conducted at the premises to determine whether a restaurant was in opera-

tion. Based upon the numbers submitted and the type of operation at "The Country Club," the license request for a restaurant bar was rejected.[1] Rather than reject any type of alcohol sales at this location, the City granted RAS a license to sell liquor by the drink as a resort.

RAS, through its president, Randy Suhr, eventually submitted another set of gross sales numbers to the city manager, requesting that the denial of the restaurant bar license be reconsidered. Based upon the determination that RAS's new set of numbers still conflicted with other sets of numbers and that the operation was "essentially of a nightclub nature," the city manager denied RAS's second request. At that time, RAS submitted its request that the matter be forwarded to city counsel for review of the city manager's decision. After its own review, the city counsel upheld the decision of the city manager.

RAS filed this action for declaratory judgment and for a writ of mandamus. RAS's request for declaratory relief was dismissed by the trial court, and trial proceeded upon the writ of mandamus. After trial, the court found that RAS had shown entitlement to the Restaurant bar license and that the City of Warrensburg had abused its discretion in denying RAS a Restaurant bar license, having no reasonable basis to deny it. Court costs were assessed against the City of Warrensburg.

This appeal followed.

## Analysis

██ A case is moot if a judgment rendered has no practical effect upon an existent controversy. *Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App. W.D. 1999); *State ex rel. Mo. Cable Television*

*Ass'n v. Mo. Pub. Serv. Comm'n*, 917 S.W.2d 650, 652 (Mo.App. W.D.1996). "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." *Armstrong*, 990 S.W.2d at 64 (quoting *State ex rel. Wilson v. Murray*, 955 S.W.2d 811, 812–813 (Mo.App. W.D.1997)). When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. *Id.* "Even a case vital at inception of the appeal may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered merely becomes a hypothetical opinion." *Id.* (quoting *Gilroy–Sims & Assoc. v. City of St. Louis*, 697 S.W.2d 567, 569 (Mo.App. E.D.1985)).

██ In this case, RAS sought a writ of mandamus from the trial court to compel City to issue to it a Restaurant bar license for the year 2000–2001. After the trial court's order granting RAS's request for mandamus, City issued a Restaurant bar license in compliance with the writ and RAS used the Restaurant bar license for a period of about one month until it expired in June of 2001. Since the trial court granted the writ, RAS has relinquished its control of "The Country Club," the establishment which originally sought the license. A decision by this court on the issue of whether City was mandated to issue RAS a Restaurant bar license for the year 2000 to 2001 would, therefore, have no practical effect because no controversy exists and no relief can be granted to City. An opinion addressing the issue would merely be advisory. Appellate courts do not render advisory opinions or decide non-existent issues. *Mo. Cable Television*, 917 S.W.2d at 652.

1. According to City, RAS had not met the fifty percent food requirement but had merely submitted conflicting gross sales numbers for the same reporting months.

Points one, two, and three of Respondent's brief are moot because they relate to the restaurant bar license for year 2000 through 2001 and because Respondent no longer operates the business for which the license was issued. City's points one, two and three are dismissed as moot.

### Costs

In its fourth point on appeal, City contends that the trial court erred in assessing court costs against it because, as the official representatives of a political subdivision of the State of Missouri, such costs cannot be assessed against it absent a specific waiver of sovereign immunity by statute.

A municipality is created by the state sovereign and is an extension of the state. *State v. Rotter*, 958 S.W.2d 59, 63 (Mo.App. W.D.1997) (citing *Waller v. Florida*, 397 U.S. 387, 393, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970)). A city of the third class is a creature of the state and its legislative body, the city council, exercises the legislative powers delegated to it by the General Assembly. *Armentrout v. Schooler*, 409 S.W.2d 138, 143 (Mo.1966).

Numerous cases hold that neither the state nor its agencies may be assessed court costs even where the state agency does not prevail in litigation. *Mauer v. Bd. of Trs. of Mo. State Employees' Ret. Sys.*, 762 S.W.2d 517, 521 (Mo.App. W.D. 1988) (citing cases). Since RAS did not identify a statute authorizing assessment of costs against City, the trial court erred in assessing those costs. *See id.*

RAS filed a motion to dismiss City's appeal as moot. Although the issue of mootness is addressed in this opinion, application of the principle is less inclusive than RAS advocates. The motion is denied.

The portion of the judgment that assesses court costs against the City of Warrensburg is reversed.

BRECKENRIDGE and HARDWICK, JJ., concur.