In the Matter of the CARE AND
TREATMENT OF Wilbur
SCHOTTEL, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 61683.

Missouri Court of Appeals,
Western District.

Dec. 16, 2003.

Emmett D. Queener, Esq., Columbia, MO, for Appellant.

James R. Layton, Esq., Jefferson City, MO, for Respondent.

Before EDWIN H. SMITH, P.J., HOLLIGER and LISA WHITE HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Wilbur Schottel appeals the denial of his Petition for Release and Motion to Withdraw Stipulation related to his status as a sexually violent predator. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

In 1995, Wilbur Schottel pled guilty to a charge of sodomy, Section 566.060 RSMo. 1994, and subsequently served a prison sentence from November 16, 1995, until February 28, 2000. Upon his release from prison, the State filed a petition in probate court to detain Schottel for evaluation as a sexually violent predator ("SVP"). Schottel waived trial on the petition and stipulated that he "is beyond reasonable doubt a sexually violent predator" as that term is defined in Section 632.480(5) RSMo.2000.[1] On June 14, 2000, the probate court entered judgment committing Schottel to the Department of Mental Health ("Department") for control, care, and treatment as a SVP until such time as his mental abnormality had so changed that he could be safely released.

The Department conducted an annual review of Schottel's status in 2001, as required by Section 632.498. The Department reported several ongoing treatment goals for Schottel and opposed his release from commitment.

Despite the Department's opposition, Schottel filed a Petition for Release on

1. Section 632.480(5) defines a "Sexually violent predator" as "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility . . .".

February 27, 2002. He later amended the petition to include a report from his retained psychologist, Dr. Delaney Dean. Based on interviews with Schottel, evaluative testing, and review of his treatment records, Dr. Dean concluded Schottel's "mental abnormality has changed such that, if released, he is unlikely to engage in acts of sexual violence."

Schottel also moved to withdraw his prior stipulation, contending the admissions regarding his SVP status were made involuntarily and unknowingly. Schottel argued he was unaware the State had to prove he had serious difficulty controlling his behavior, an element required for SVP determination in the post-stipulation case of *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002).

The probate court entered judgment denying the Petition for Release without a full evidentiary hearing, as permitted by Section 632.504.[2] The court also denied the Motion to Withdraw Stipulation. Schottel appeals the judgment, claiming error in both denials.[3]

### POINTS ON APPEAL

**Petition for Release**

■ Schottel argues the probate court erred in denying his Petition for Release

without a hearing because he made a *prima facie* showing, based on Dr. Dean's report, that his mental abnormality was so changed he was safe to be at large. Section 632.504 allows a full evidentiary hearing upon a preliminary showing that a petition for release is not frivolous. Schottel points out that the probate court recognized Dr. Dean's report "probably gets [the Petition] past the frivolous grounds" but then refused to grant a full hearing, thereby violating his due process rights.

The argument raised here no longer presents a viable issue for appeal. After the filing of this appeal, Schottel had his second annual review under Section 632.498 and was granted a full evidentiary hearing on his SVP status by the probate court. The court determined he was not eligible for release from commitment. That determination is on appeal in a separate proceeding of this court.

■ When an event occurs making a court's decision on an issue unnecessary, or makes the granting of effectual relief impossible, the issue is moot and should not be addressed. *State ex rel. RAS Inv., Inc. v. Landon*, 75 S.W.3d 847, 849 (Mo. App. W.D.2002). Mootness is a threshold question in any appellate review of a con-

---

2. Section 632.504. Subsequent petitions for release—approval or denial procedures.

Nothing in sections 632.480 to 632.513 shall prohibit a person from filing a petition for discharge pursuant to sections 632.480 to 632.513. However, if a person has previously filed a petition for discharge without the director's of the department of mental health approval and the court determined either upon review of the petition or following a hearing, that the petitioner's petition was frivolous or that the petitioner's condition had not so changed that the person was safe to be at large, then the court shall deny the subsequent petition unless the petition contains facts upon which a court could find the condi-

tion of the petitioner has so changed that a hearing was warranted. Upon receipt of the first or subsequent petition from committed persons without the director's approval, the court shall endeavor whenever possible to review the petition and determine if the petition is based upon frivolous grounds and if so shall deny the petition without a hearing.

3. Although appellate jurisdiction in this case is not disputed by either party, we note that our recent decision in *Barlow v. State*, 114 S.W.3d 328, 331 (Mo.App. W.D.2003), clarifies the statutory right to appeal from "any determination as to whether a person is a sexually violent predator."

troversy. *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo. App. W.D.1998). Because the justiciability of an issue is implicated, we review for mootness *sua sponte. Id.* Even a case justiciable at its inception may be mooted by an intervening event which alters the position of the parties in such a way that any judgment rendered merely becomes a hypothetical question. *Landon*, 75 S.W.3d at 849.

Such is the case here. Schottel has already received the full evidentiary hearing he seeks in this appeal. No further relief could be granted by this court; thus, consideration of his point on appeal is unnecessary. Point denied.

### Motion to Withdraw Stipulation

■ Schottel contends the trial court abused its discretion in denying his motion to withdraw the prior stipulation that he met the definition of a sexually violent predator. The stipulation, which he executed in June 2000, provided in relevant part:

> COME NOW THE PARTIES and stipulate and agree that ... upon the evidence developed in this case and fully disclosed between the parties, respondent is beyond a reasonable doubt a sexually violent predator as that term is defined in Section 632.480(5) RSMo. (Cum.Supp.1999).
>
> In so stipulating, respondent does not waive any or all issues preserved in his pretrial motions on this matter, filed of record to date, and reserves the right to challenge his commitment as authorized by law and any decisions rendered by a court of competent jurisdiction concerning Section 632.480, *et seq.*, RSMo. (Cum.Supp.1999).

Schottel argues the language of the stipulation reserved his right to challenge the commitment at any future time based on subsequent changes in the law. He moved to withdraw the stipulation almost two years later, in February 2002, because there had been no determination he had serious difficulty controlling his behavior, a finding recently required in SVP cases by the decision in *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856. He argues the stipulation was involuntary and unknowing because he did not fully understand the State's burden to prove his SVP status. Schottel asserts the court violated his right of due process in refusing to allow withdrawal of the stipulation.

■ This argument is awkward and confusing because Schottel seeks to withdraw the stipulation at the same time he relies on its language to support his claim on appeal. Even putting this inconsistency aside, there is no legal basis for his claim. Schottel's stipulation did not extend his right to "challenge" the SVP determination beyond the time for appeal. The court entered judgment with Schottel's consent on June 14, 2000, and, as a general rule, the validity of such a final judgment may only be impeached by a formal, timely appeal. *Lyons v. Sloop*, 40 S.W.3d 1, 9 (Mo.App. W.D.2001). A judgment rendered by a court having proper jurisdiction is not open to collateral attack with respect to its validity or the conclusiveness of the matters adjudicated. *Id.*

There is no dispute that Schottel failed to file an appeal of the judgment committing him as a sexually violent predator. The language in the Stipulation does not create a new procedural right for Schottel to challenge the final judgment. Section 632.498 provides for annual review of his SVP status and that is the proper forum for Schottel's arguments concerning changes in the commitment requirements under *Crane*. As noted, Schottel had a review in 2003, during which he was granted a full evidentiary hearing and opportunity to challenge his commitment based on

the Supreme Court's recent decision. Accordingly, we find no error and no prejudice to Schottel in the probate court's denial of his Motion to Withdraw Stipulation. Point denied.

The judgment of the probate court is affirmed.

All concur.