The **REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, American Civil Liberties Union of Missouri Foundation and Christopher S. McDaniel, Appellants,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.**

**WD 79961**

Missouri Court of Appeals, Western District.

OPINION FILED: MARCH 28, 2017

---

Anthony E. Rothert, St. Louis, MO, Counsel for Appellants.

Stephen C. Doerhoff, Jefferson City, MO, Counsel for Respondent.

Before Division One: James E. Welsh, Presiding Judge, Gary D. Witt, Judge, and Anthony Rex Gabbert, Judge

Anthony Rex Gabbert, Judge

The Reporters Committee for Freedom of the Press, Christopher McDaniel, and the American Civil Liberties Union of Missouri (collectively "Plaintiffs") appeal the trial court's denial of their motion for a special order to enforce judgment filed on July 28, 2016. On appeal, the Plaintiffs argue: (1) that the trial court erred in failing to enforce the portion of its March 20, 2016 final judgment because the trial court retained jurisdiction to enforce its judgments while an appeal was pending; and (2) the court erred in denying the motion to enforce the portion of the judgment that obligates the Department of

Corrections to disclose records because the trial court's judgment is subject to enforcement. Finding these claims moot, we dismiss.

The Reporters Committee for Freedom of the Press, Christopher McDaniel, and the American Civil Liberties Union (ACLU) of Missouri, as well as Joan Bray ("Bray") and the Guardian News and Media ("Guardian") requested records under the Sunshine Law from the Missouri Department of Corrections (hereinafter "the DOC"). The requested records could potentially identify various individuals designated by the Director of the DOC as execution team members. Due to the possibility of revealing protected information and identities, the DOC withheld specific records that Plaintiffs, Bray and Guardian requested. Seeking mandatory disclosure, Plaintiffs, Bray and Guardian, each sued the DOC in Cole County Circuit Court.

On July 18, 2015, the trial court issued orders in all three cases, finding that Section 546.720.2 RSMo. does not protect the identities of the pharmacists (designated by the DOC as "M6" and "M7") who supply the DOC with lethal injection drugs because they do not "directly administer" lethal injection drugs. The trial court further ordered an evidentiary hearing before final judgment could be entered. During a July 29, 2015, telephone conference attended by counsel for all parties, the trial court stayed production of any and all records revealing the identities of M6 and M7 pending the exhaustion of appeals.[1] In addition, the DOC was directed to submit a privilege log identifying withheld records prior to the hearing.

On August 28, 2015, the DOC filed its privilege log in all three cases as noted by the trial court's docket sheet on record. Both Guardian and Bray submitted objections to the DOC's privilege log on September 10, 2015. The DOC filed a privilege log addendum in response. Plaintiffs did not file any objections challenging the completeness of the DOC's addendum privilege log.

On September 17, 2015, an evidentiary hearing was held. The DOC provided deputy counsel Matthew Breisacher ("Breisacher"), the creator of the privilege logs at issue, to answer questions on the record. The only issue addressed was concerning the sufficiency of the logs that allegedly failed to reference records relating to requests made on February 20, 2014. The trial court directed Breisacher to annotate the log to include the February 20, 2014, request and that it be filed within five (5) days. Breisacher complied.

On March 21, 2016, the trial court entered final judgment in all cases. The judgments incorporated the July 18, 2015, orders finding that the identities of M6 and M7 are not protected by statutory exemption. Additionally, the final judgments included the stay that effectively delayed the DOC's obligation to comply with the judgment until exhaustion of all appeals.

The DOC filed its notice of appeal of the trial court's final judgments with this Court on July 21, 2016. On July 26, 2016, this Court granted the DOC's motion to consolidate the Guardian and Reporters Committee (WD79894 and WD79895) cases with the Bray case (WD79893)[2].

Plaintiffs filed a motion with the trial court to enforce the judgment on July 28, 2016. The trial court denied the motion on

---

1. There is no formal, written order entered by the trial court granting the stay, but the parties concede that the order was entered.

2. Oral Argument for the consolidated case WD79893 occurred on December 14, 2016.

October 11, 2016. The trial court stated that, "it is hereby adjudged that the motion is denied in light of the fact that Defendant has appealed the judgment."

Plaintiffs raise two points on appeal. First, they argue that the circuit court erred in failing to enforce the non-stayed portion of its March 20, 2016, judgment because the judgment was not final, the only portion stayed related to records actually disclosed in the privilege log, and plaintiffs had a legal right to seek enforcement in that the circuit court retains jurisdiction to enforce its judgments, including while an appeal therefrom is pending in the absence of a stay. Next, Plaintiffs argue that the circuit court erred in denying the motion to enforce the portion of its judgment that obligates the DOC to immediately disclose public records not listed on the DOC's privilege log because the final judgment is subject to enforcement where the DOC has refused to comply with the judgment. We dismiss this appeal as moot.

## Discussion

■ A case on appeal becomes moot when a change in circumstances so alters the position of the parties or subject matter that the controversy ceases to exist and a decision can grant no relief. *State ex rel. Missouri Gas Energy v. Public Service Comm'n of Missouri*, 224 S.W.3d 20, 25 (Mo. App. 2007). When the question presented seeks a judgment that would have no practical effect on an existing controversy, the matter is moot. *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo. App. 1998). In determining mootness, the appellate court may consider facts outside the record. *State ex rel. Monsanto Co. v. Pub. Serv. Comm'n of Missouri*, 716 S.W.2d 791, 793 (Mo. banc 1986). "When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual

relief, the case is moot and generally should be dismissed." *In re Sw. Bell Tel. Co.'s Proposed Revision to Gen. Exch. Tariff, P.S.C. Mo—No. 35*, 18 S.W.3d 575, 577 (Mo. App. 2000). An actual controversy susceptible of some relief must exist in order for this court to have jurisdiction. *State ex rel. Mo. Cable Television Ass'n v. Pub. Serv. Comm'n*, 917 S.W.2d 650, 652 (Mo. App. 1996).

■ There are two narrow exceptions to the mootness doctrine which allow an appellate court to exercise its discretion to consider an appeal. *Id.* Those are: (1) where the case becomes moot after submission and argument; *Id.*, and (2) where the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review. *Id.* Neither of those exceptions is present here.

■ In *Bray v. Lombardi*, WD79893, this court reversed the trial court's ruling that the pharmacists who provide the DOC with lethal injection drugs (referred to as "M6" and "M7") were not protected from disclosure by Section 546.720 RSMo. We found the trial court's ruling to be in contravention of the legislature's intent to "protect the identities of individuals essential to the execution process so that the DOC may effectively carry out its statutory duty of performing lawful executions." Ultimately, M6 and M7 were found to be appropriately named as members of the execution team by the Director of the DOC under Section 546.720 RSMo and thus their identities, including any portion of a record or a complete record that could identify them, were protected from disclosure.

Plaintiffs appeal the trial court's denial of their motion to enforce the non-stayed portion of the judgment. Specifically,

Plaintiffs argue that the DOC is in possession of certain records[3] responsive to their Sunshine request that they allege were not listed in the privilege log or addendum and were not provided to Plaintiffs in compliance with the final judgment.

We find this claim moot as we determined in *Bray v. Lombardi*, WD79893, that any record or records that could potentially reveal the identities of M6 and M7 are protected and that the circuit court erred in ordering the DOC to produce such records. The records that Plaintiffs pursue here, if disclosed, would undoubtedly lead to the identification of M6 and M7 and, therefore, they fall within the scope of our *Bray v. Lombardi* ruling and are protected from disclosure. This appeal is, therefore, moot, as a determination as to whether the circuit court erred in failing to enforce its erroneous judgment would be fruitless. Plaintiffs' appeal is dismissed.

All concur.

---

**3.** These "certain records" include:

A. Professional Medical Service Agreements dated November 11, 13, 2013; and March 15, 2014, between the DOC and pharmacies producing drugs to be used in lethal injections in Missouri;

B. Correspondence dated November 12, 2013, and undated correspondence notifying person, or persons producing drugs to be used in lethal injections in Missouri;

C. The chain of custody for pentobarbital dated November 13, 2013, indicating who provided pentobarbital on that date to Dave Dormire, as well as similar chain-of-custody records for drugs supplied to the DOC; and

D. An email dated November 14, 2013, from the testing laboratory to Matt Breisacher, sent at 1:12 p.m.