

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| IN THE MATTER OF SELMA MCDONALD NORTON, A PERSON ALLEGEDLY INCAPACITATED AND DISABLED, | WD82522 |
| | OPINION FILED: |
| **Respondent,** | **January 7, 2020** |
| **v.** | |
| RICHARD C. MCDONALD AND LOUISE PICCARD DORR, | |
| **Appellants.** | |

**Appeal from the Circuit Court of Pettis County, Missouri**
**The Honorable Keith Michael Bail, Judge**

**Before Division Two:**
**Thomas H. Newton, P.J., Mark D. Pfeiffer, and Thomas N. Chapman, JJ.**

Richard C. McDonald and Louise Piccard Dorr ("Children") appeal the summary judgment entered in favor of their mother, Selma McDonald Norton, by the probate division of the Circuit Court of Pettis County ("probate court"). Children sought appointment of a guardian and conservator for Ms. Norton. In their sole point on appeal, Children contend that the probate court erred in granting Ms. Norton summary judgment because her motion for summary judgment was filed two months before the probate court ordered all Missouri rules of civil procedure applicable to this guardianship and conservatorship matter, the probate court did not

cure the improper filing of the motion, and the motion was not filed or refiled after that order. Ms. Norton passed away during this appeal. Because the appeal is now moot, the appeal is dismissed.

## Background

In March 2018, Children filed a petition for appointment of a guardian of the person and conservator of the estate alleging that their eighty-eight year old mother, Ms. Norton, was incapacitated and disabled. They alleged that Ms. Norton suffered from chronic atrial arrhythmias, COPD, excessive alcohol use, and Alzheimer's type dementia and requested that letters of guardianship and letters of conservatorship be issued to petitioner Richard C. McDonald. The probate court appointed an attorney for Ms. Norton.

Ms. Norton filed a motion for summary judgment on September 19, 2018, arguing that she was not incapacitated or disabled. She asserted that she was able to meet her daily essential living needs and that she did not suffer from any mental or physical condition that prevented her from managing her financial resources.

On October 30, 2018, Children filed suggestions in opposition to the motion for summary judgment. They argued that the motion should be denied because Rule 74.04, which governs summary judgment, was not applicable to the proceedings absent an order by the probate court pursuant to Rule 41.01(b) and the probate court had not made such order. They did not address the merits of the motion.

On November 28, 2018, the probate court ordered all Missouri rules of civil procedure applicable to the proceeding and continued the matter to December 14, 2018, for case review. On December 14, 2018, the probate court ordered Children to reply to the motion for summary judgment by December 28, 2018, and set the motion for hearing on January 18, 2019.

2

Children did not, however, respond to the motion by December 28, 2018, and instead filed further suggestions in opposition to the motion on January 14, 2019. They argued that none of the probate court's orders gave "a time for compliance with the order," including whether the November 28 order was to be given retroactive effect or whether the original motion for summary judgment was to be considered refiled as of November 28 or December 14, 2018, and that Ms. Norton had not refiled her motion by duplicate filing or an abbreviated filing referring to the original motion. Children again did not address the merits of Ms. Norton's motion for summary judgment.

On January 18, 2019, the probate heard argument on the motion for summary judgment and took the case under advisement. It sustained Ms. Norton's motion for summary judgment on January 23, 2019. This appeal by Children followed.

## Mootness

Before argument and submission in this case, the attorney for Ms. Norton filed a suggestion of death advising this court that Ms. Norton died on November 27, 2019. As a result, this court must examine whether this appeal is now moot.[1]

Mootness is a threshold question to appellate review because it implicates the justiciability of a controversy. *D.C.M. v. Pemiscot Co. Juvenile Office*, 578 S.W.3d 776, 780 (Mo. banc 2019). Thus, an appellate court must consider, either on a party's motion or acting *sua sponte*, whether an appeal is moot. *Id.* "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.* (internal quotes and citation omitted). An appeal is moot

---

[1] This court issued an order requesting letter briefing from both parties addressing what effect the intervening death of Ms. Norton has on the proceedings and, in particular, whether the appeal is now moot.

when a decision on the merits would not have any practical effect upon any then existing controversy. *Id.*; *In re Smith*, 351 S.W.3d 25, 26 (Mo. App. S.D. 2011). The appellate court may consider facts outside the record in determining mootness. *State ex rel. Mo. Gas Energy v. Public Serv. Comm'n*, 224 S.W.3d 20, 25 (Mo. App. W.D. 2007). If a case is moot, the appellate court can exercise its discretion to decide the case on the merits if one of two narrow exceptions to the mootness doctrine exists: (1) the case becomes moot after submission and argument and (2) the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review. *D.C.M.*, 578 S.W.3d at 780; *Mo. Gas Energy*, 224 S.W.3d at 25. Neither exception is present here.

Under section 475.083, RSMo 2016, the authority of a guardian or conservator terminates upon the death of the ward or protectee subject to limited exceptions not asserted here. *Smith*, 351 S.W.3d at 26. In their petition, Children sought appointment of a guardian and conservator for Ms. Norton alleging incapacity and disability. Ms. Norton's death, however, renders moot those issues. A decision on Children's challenge to the grant of summary judgment in favor of Ms. Norton on their petition would have no practical effect on an existing controversy and would not provide Children any effective relief. [2] Put simply, even if they were allowed to proceed on (and to win) their appeal, upon remand Children could not attain the relief they seek— appointment of a guardian and conservator for Mrs. Norton. *See In re Duvall*, 178 S.W.3d 617, 622 (Mo. App. W.D. 2005) (The death of an elderly ward during the pendency of an appeal rendered moot the claims of error regarding the quality of representation by the ward's appointed

---

[2] In fact, counsel for Children acknowledged at oral argument that there is no existing controversy in the instant case.

counsel and regarding the appointment of the Public Administrator as guardian and conservator, instead of a family member. Such claims died with the ward, and any decision by the appellate court on those claims would not have any practical effect upon an existing controversy.).

Children argue that this appeal is not moot because the probate court's judgment may collaterally estop them from contesting, in any future litigation, Ms. Norton's capacity and ability to be unduly influenced in her decision-making. Children have the burden of demonstrating that this matter is not moot due to some proceeding outside of this record. *Mo. Gas Energy*, 224 S.W.3d at 26. They have not, however, provided any pleadings or any other evidence of a pending or existing controversy on which a decision in this appeal may have collateral estoppel effect. *See Id.* (Appellant did not establish that a decision in the current appeal would result in issue preclusion in another action where appellant did not provide any pleadings of any other action or any description of the nature of any pending issues in that action.). Children have not demonstrated that this appeal would have a practical effect on any existing controversy in this case or collateral estoppel effect on any other pending or existing controversy, and have thus failed to demonstrate on that basis that the appeal is not moot.[3]

---

[3] Whether the probate court's judgment could have collateral estoppel effect on future litigation after this opinion is not addressed. It is noted, however, that in *Cooperative Home Care, Inc. v. City of St. Louis*, 514 S.W.3d 571, 581 (Mo. banc 2017), a prior adjudication did not have collateral estoppel effect where the appellate court dismissed the appeal in the prior case for mootness. The second factor of collateral estoppel (whether the prior adjudication resulted in a judgment on the merits) and fourth factor (whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit) were not satisfied because the appellate court had not decided the case on the merits and there was not an opportunity to review on appeal. *Id.*

## Conclusion

Because addressing the merits of this appeal would have no practical effect on an existing controversy and would not provide Children any effective relief, the appeal is moot and is hereby dismissed.

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Judge

All concur.