

# Missouri Court of Appeals

## Southern District

### Division One

KEITH BRADFORD,      )
     )
     Petitioner-Appellant,      )
     )
vs.      )      No. SD36687
     )
MARK DOBBS, Butler County Sheriff,      )      **Filed: September 11, 2020**
     )
     Respondent-Respondent.      )

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable W. Edward Reeves, Special Judge

**<u>DISMISSED</u>**

Keith Bradford ("Appellant"), who *was* incarcerated in Butler County, brought a declaratory judgment suit challenging his continued confinement. He contends that he was being incarcerated as a result of the warrant issued for his arrest when there is no legal authority justifying his continued confinement after being denied bail. Specifically, Appellant contends no subsequent Warrant or Order of Commitment was ever issued in his criminal case. "Was" is used deliberately in this introduction because Appellant, by the admission of both parties, is no longer incarcerated and has pled to the underlying

1

offense. The initial issue before us is whether the Petition is now moot or whether we can proceed on the merits of this appeal.

Respondent brought two motions to dismiss. The trial court granted the first motion to dismiss that the Petition failed to state a cause of action; the second motion to dismiss contended that the action was moot. The trial court heard both motions at the same time. Appellant argues that we must accept the allegations in the petition as true and not address whether the action is now moot. We disagree.

"A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." ***Underwood v. Dir. of Mo. Dep't of Corr.***, 215 S.W.3d 326, 327 (Mo.App. W.D. 2007) (internal quotations and citations omitted). "Whether a case is moot is a legal question that the appellate court raises sua sponte on appeal." ***K.L.M. v. B.A.G.***, 532 S.W.3d 706, 709 (Mo.App. E.D. 2017) (internal quotations and citation omitted).

> Mootness is a threshold question to appellate review because it implicates the justiciability of a controversy. *D.C.M. v. Pemiscot Co. Juvenile Office*, 578 S.W.3d 776, 780 (Mo. banc 2019). Thus, an appellate court must consider, either on a party's motion or acting sua sponte, whether an appeal is moot. *Id.* "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.* (internal quotes and citation omitted). An appeal is moot when a decision on the merits would not have any practical effect upon any then existing controversy. *Id.*; *In re Smith*, 351 S.W.3d 25, 26 (Mo. App. S.D. 2011). The appellate court may consider facts outside the record in determining mootness. *State ex rel. Mo. Gas Energy v. Public Serv. Comm'n*, 224 S.W.3d 20, 25 (Mo. App. W.D. 2007). If a case is moot, the appellate court can exercise its discretion to decide the case on the merits if one of two narrow exceptions to the mootness doctrine exists: (1) the case becomes moot after submission and argument and (2) the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade

2

appellate review. *D.C.M.*, 578 S.W.3d at 780; *Mo. Gas Energy*, 224 S.W.3d at 25.

**Norton v. McDonald**, 590 S.W.3d 450, 452-53 (Mo.App. W.D. 2020).

Because there is no judiciable controversy in that Appellant is not incarcerated without an order as alleged in the Petition, we would be giving an advisory opinion. This Court may not issue advisory opinions. **Dunn v. Dunn**, 536 S.W.3d 304, 311 (Mo.App. W.D. 2017). Further, we do not have enough evidence before us to determine if this is of general public interest and importance. We decline to exercise our discretion to decide the case on its merits.

The appeal is dismissed.[1]

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., J. – Concurs

---

[1] Appellant's "Motion for Court to Establish Procedure by Local Court Rule Requiring En Banc Review Of A Division Opinion Within the District that Chooses Not to Follow Previous Decision of Appellate Court of this State" was taken with the case on appeal. In view of our dismissal of the appeal as moot, we do not consider the motion.